# Holland & Knight

900 Third Avenue, 20th Floor | New York, NY 10022-4728 | T 212.751.3001 | F 212.751.3113
Holland & Knight LLP | www.hklaw.com

Keith M. Brandofino
+1 212-751-3166
Keith.Brandofino@hklaw.com

November 22, 2022

*Via ECF and E-Mail (ALCarterNYSDChambers@nysd.uscourts.gov)*

The Honorable Andrew L. Carter Jr., U.S.D.J.
United States District Court, Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

    Re:    *U.S. Bank National Association, as Trustee ("Plaintiff") v. Mattone Group Jamaica Co., LLC, et al.*,
            21 Civ. 9342 (ALC) (BCM) – Response to Defendant's Request for Pre-Motion Conference

Dear Judge Carter:

    We are counsel to Plaintiff in the above-referenced action (the "Action"). We write pursuant to Your Honor's Individual Practice Rules, in response to defendant Mattone Group Jamaica Co., LLC's ("Borrower") letter request for a pre-motion conference in anticipation of its motion to amend its' Answer and to join Rialto Capital Advisors, LLC ("Rialto") as a named-defendant.

    By the Action, Plaintiff seeks to foreclose its commercial mortgage following Borrower's payment default. The underlying loan is evidenced by that certain Loan Agreement dated as of October 31, 2012, Jefferies LoanCore LLC ("Original Lender"), Plaintiff's predecessor-in-interest, pursuant to which Original Lender made a loan to Borrower in the original principal amount of $81,000,000.00 (the "Loan"). The Loan is further evidenced by an Amended and Restated Consolidated Promissory Note dated October 31, 2012 in the original principal amount of $81,000,000.00 (the "Note") and secured by, inter alia, an Amended, Restated and Consolidated Leasehold Mortgage, Assignment of Leases and Rents and Security Agreement, dated October 31, 2012 ("Mortgage"), encumbering, inter alia, the leasehold estate, together with the buildings, structures, fixtures and other improvements located on property commonly known as the Jamaica Center Mall, Jamaica, New York (the "Premises").

    Following Borrower's default on its loan obligations, by, inter alia, failing to make monthly payments since April 2022 and failing to comply with its cash management obligations, on November 11, 2021, Plaintiff commenced the Action seeking, inter alia, foreclosure of the Mortgage. On February 28, 2022, Borrower submitted its Answer, Affirmative Defenses and Counterclaims by which Borrower admits failing to satisfy its loan obligations. Thereafter, the parties engaged in lengthy and strenuous discovery with Borrower requesting more and more

Atlanta | Austin | Boston | Century City | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Fort Worth
Houston | Jacksonville | Los Angeles | Miami | New York | Orange County | Orlando | Philadelphia
Portland | Richmond | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

Algiers | Bogotá | London | Mexico City | Monterrey
#180791907_v4 527548.00071

The Honorable Andrew L. Carter Jr., U.S.D.J.
November 22, 2022
Page 2

questionably-relevant discovery at every opportunity. See ECF Nos. 47, 50, 61. While Plaintiff has repeatedly shown a willingness to cooperate with Borrower throughout this action, including the production of over 16,000 pages of documents, correspondence and reports, Plaintiff cannot, in good faith, consent to Borrower's newfound contention that it is now, after a year from the commencement of the case, allowed to untimely amend its pleadings and add third-party individuals with no interest in the claims of this matter. Simply put, Rialto does not hold the Loan Documents that are the subject of this Action.

To date, Borrower has failed to offer any meritorious defense to its multiple defaults under the Loan Documents that give rise to this Action. Furthermore, since the commencement of the Action, Borrower has further failed to satisfy its obligations by not paying the Loan in full when it matured on November 6, 2022. Without question and based on Borrower's own admissions, Plaintiff is entitled to foreclose its mortgage. See U.S. Bank, N.A. v. Squadron VCD, LLC, 504 F. App'x 30, 32 (2d Cir. 2012). Similarly, Borrower's affirmative defenses and counterclaims do not offer any basis to deny Plaintiff its right to foreclose. This is particularly the case here because Borrower has waived its right to plead such claims pursuant to the express terms of the Loan Documents. See Loan Agreement, § 10.15 (Borrower waived the right to "offset any obligations to make payments required under the Loan Documents.").

Notably, Rialto is the special servicer under the Pooling and Servicing Agreement, dated as of November 1, 2012 (the "PSA"), by which it, inter alia, is instructed by Plaintiff. As Borrower is fully aware, Rialto holds no interest or rights in the Loan, merely acting as the agent for the Trust that holds the subject Loan Documents. See Complaint, ECF No. 1, p. 1.

It is only now, over a year after Plaintiff commenced the Action, on the eve of when this Court is to consider motions for summary judgment, past the deadline of discovery, does Borrower submit its pre-motion conference letter seeking to improperly amend its pleading and add Rialto as a party to this Action. See ECF No. 63. By its pre-motion conference letter, Borrower asserts that it served its first discovery requests on May 2, 2022 and that Lender failed to produce documents until June 30, 2022. See id., 3. Notwithstanding the fact that Plaintiff made productions in a timely fashion at all times as required under the rules of the Court, Borrower still complains that it was not in the fashion and liking as it requests, or rather demands. Indeed, what Borrower fails to clarify is that Plaintiff has sought to cooperate with Borrower's egregious demands throughout this Action so as not to waste either the Court's or the parties' time and resources – producing more than 16,563 pages of documentation over the span of productions made from June 30, 2022 to November 10, 2022 with each new request from Borrower. Yet despite such efforts, it was never sufficient for Borrower in any capacity, as its true goal was never the possession of discovery but simply the (improper) delay of this Action and to use the discovery process as a means to force Plaintiff to accept Borrower's settlement demands.

Borrower's attempt to seek leave to untimely amend and add Rialto (and most likely thereafter seek another year of discovery) is a clear attempt by Borrower to use this Court as a

The Honorable Andrew L. Carter Jr., U.S.D.J.
November 22, 2022
Page 3

vehicle to delay the inevitable foreclosure.  Indeed, it is without question that Borrower defaulted on its Loan obligations and has failed to secure the necessary financing to satisfy the Loan now that it has matured.  In spite of those facts, Borrower's letter demonstrates that it seeks to continue its never-ending search for documents to prove the allegations of its' affirmative defenses and counterclaims.  Despite receiving 16,563 pages of documentation and deposing the asset manager for the Loan for a day and a half, Borrower is simply unable to offer any defense to its defaults and instead wants this Court to provide a mechanism by which it can continue to seek discovery.  See Tafari v. Baker, 2017 WL 2334893, at *2 (W.D.N.Y. May 30, 2017) (denying petitioner's motion for leave to amend as nothing more than a "fishing expedition").

In particular, Borrower puts forth the assertion that there exists factual 'good cause' to grant leave to untimely amend and improperly add a third-party defendant more than a year after the commencement of the Action.  However, no such good cause exists.  Borrower claims that it only now learned of new information from documents produced on November 10, 2022 and testimony elicited from Javier Callejas.  See ECF No. 63, 2.  However, as the record will provide, only 8 pages of documentation were produced on November 10, 2022 (consisting of (i) a corrected screenshot of a chart demonstrating financial information, and (ii) a drafted, non-finalized Broker's Opinion of Value).  When compared to the 16,563 pages of documentation, which consist of numerous massive spreadsheets, it is apparent that Borrower is simply grasping at straws to delay proceedings.  Furthermore, as the record will provide, the topics of testimony of which Borrower speaks of were already discussed in length in the deposition taken August 11, 2022 (see Tr. 77:17 – 81:25).  In fact, Borrower even cites testimony from the August 11 date (far before its' now request to amend) to support its claim of newly undiscovered information.  See ECF No. 63, 2 ("Borrower also learned that Rialto retains, in whole or in part, the default interest…").  Borrower's assertions fails as a matter of law.  See Zahra v. Town of Southold, 48 F.3d 674, 686 (2d Cir. 1995); Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985).

The facts of this case are clear, Borrower has no defense to its defaults under the Loan Documents and has no current means of satisfying its obligations thereunder.  Further, Borrower has continued to neglect its obligations and withhold the cash generated by the Property to Plaintiff's prejudice and detriment.  Borrower's latest request to untimely amend and add Rialto is but another example of their gamesmanship and delay tactics, in the hopes to further delay the inevitable foreclosure of the mortgaged property in the hopes that it can negotiate a favorable deal with Plaintiff.  Based on the foregoing, it is respectfully submitted that the Court should not tolerate such antics and instead put an end to Borrower's obfuscation and allow this foreclosure action to proceed forthwith.

    Respectfully submitted,
    **HOLLAND & KNIGHT LLP**
    By:   */s/ Keith M. Brandofino*
        Keith M. Brandofino, Esq.