UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

U.S. BANK NATIONAL ASSOCIATION,

            Plaintiff,

    -against-                                  1:21-cv-09342 (ALC)

MATTONE GROUP JAMAICA CO., LLC,
ET AL.,                                           **OPINION AND ORDER**

            Defendants.
───────────────────────────────────────

**ANDREW L. CARTER JR., United States District Judge:**

        Defendant, Counter-Plaintiff, and Third-Party Plaintiff Mattone Group Jamaica Co., LLC ("Borrower" or "Mattone Group") filed this instant motion for sanctions against Plaintiff, Counter-Defendant, and Third-Party Defendant U.S. Bank National Association pursuant to Federal Rule of Civil Procedure 11, requesting dismissal of the Plaintiff's Complaint (ECF No. 1) and requiring Lender and Lender's counsel to reimburse Mattone Group for their reasonable costs and attorneys' fees. Defendant argues that the Plaintiff misrepresented a *prima facie* element of its foreclosure claim when the Plaintiff stated that it was a possessor and assignee of the Note and therefore, lacks standing to foreclose. Plaintiff denies these allegations and argues that the Plaintiff submitted the necessary documentation that sufficiently demonstrates its status as both the holder and assignee of the Note in support of its motion for summary judgment. For the reasons set forth below, the Defendants' motion for sanctions is hereby **DENIED**.

BACKGROUND

        The Court assumes the Parties' familiarity with the facts, which are set forth more fully in the Complaint. ECF No. 1. On October 31, 2012, Defendant procured a mortgage encumbering

the Jamaica Center Mall in Queens, New York from Plaintiff in the original principal amount of $81,000,000.00 USD. ECF No. 1 at 5. The Defendant executed and delivered a promissory note to the Original Lender on October 31, 2012. *Id*. The Plaintiff alleges that as part of collateral security in exchange for the loan, the Defendant delivered the Consolidated Mortgage as a security interest to the Original Lender. *Id*. On November 7, 2012, the Original Lender recorded the consolidated mortgage with the Office of City Register of the City of New York. *Id*. Additionally, the Defendant delivered the Assignment of Lease and Rents ("ALR") on October 31, 2012 to the Original Lender, who subsequently recorded the ALR on November 15, 2012. *Id*. at 5-6. The Original Lender then assigned the Note and ALR to the Interim Holder, who recorded the assignments the same month. *Id*. at 7. Subsequently, the Interim Holder assigned the Consolidated Note, an Assignment of the Mortgage, and the ALR to the Plaintiff on November 29, 2012. *Id*. at 8. The Plaintiff then properly recorded the assignments on January 28, 2013. *Id*. On October 27, 2020, Plaintiff remitted notice to the Defendants of their failure to pay the monthly debt service from April 2021 and thereafter. *Id*. at 9. At the time that the suit commenced, the Plaintiff alleges that the Defendant owes an unpaid principal of $68,295,320.74. *Id*. at 10. The Plaintiff sought a judgment seeking the amount due under the loan documents, a security interest foreclosure, and possession of the mortgaged property. *Id*. at 11-14.

In the instant motion for sanctions, the Defendant argues that the Plaintiff made a series of misrepresentations concerning the possession of the promissory note throughout the discovery process and the period leading up to the Plaintiff moving for summary judgment. ECF No. 119 at 6. The main source of contention derives from whether the Note that was produced during the deposition of the Plaintiff's corporate designee, Javier Callejas, was not complete as required by law to be enforceable and to have standing to bring an action at all. ECF No. 119 at 7. The

Defendant argues that the Note itself lacks a specific assignment from the Interim Holder to the Plaintiff and that the Plaintiff mispresented the specific assignment in their initial complaint. ECF No. 119 at 8; *see also* ECF No. 1 at 22, 27. The Defendant further alleges that the Note submitted has been digitally manipulated due to the Note possessing two distinct document identifying numbers. *See* ECF No. 119 at 16; see also ECF No. 93-2 (reflecting a document identifier of "60894107.DOCX" on pages 1 through 10 (10) and "60944667.DOCX" on pages 13 and 14). The Defendant also alleges that because the Plaintiff was unwilling to clarify any of the alleged misrepresentations, Rule 11 sanctions are appropriate based on the alleged misrepresented information being paramount to proving that the Plaintiff has standing.

Conversely, the Plaintiff argues that the Defendant's motion for sanctions acts as improper sur-reply to their memorandum in opposition for summary judgment that seeks dismissal of the foreclosure complaint. ECF No. 123 at 4-8. Plaintiff points to the Defendant admitting on the record that the Plaintiff was in fact the current holder of the loan documents. *Id.*; *see also* ECF Nos. 77 and 107 *et seq*. The Plaintiffs also allege that by failing to raise issues with the declaration and Note attached to the Declaration of Mr. Callejas during its answer, that the Defendant waived their right to raise the issue further. ECF No. 123 at 5. Plaintiff also refutes the discrepancies about the specific assignment of the Note that Defendants raised. The Plaintiff asserts that both that the description of the Note as being "indorsed in blank" is consistent across both the initial complaint and the Declaration of Mr. Callejas. *Id*. at 13. Plaintiff also disputes the Defendant's assertion that the documents possess differing document identifier numbers and asserts they are in fact the same document and possess the same identifier. *Id*. at 15. The Plaintiff further asserts that the motions for sanctions have not been made in good faith and are in frivolous in nature. *Id*. at 7.

3

## PROCEDURAL BACKGROUND

On November 11, 2021, Plaintiff U.S. National Bank Association commenced this action against Defendant Mattone Group Jamaica Co. to foreclose a mortgage that had been agreed up on October 31, 2012, with an original principal of $81,000,000. *See* ECF No. 1 *et seq*. On September 12, 2023, the Plaintiff moved for summary judgment following depositions and discovery. ECF No. 92. The Defendant subsequently sought leave to move for sanctions on November 22, 2023. ECF No. 118. On November 22, 2023, the Defendant submitted a memorandum of law in support of the motion. ECF No. 119. On December 6, 2023, the Plaintiffs submitted their memorandum of law in opposition. ECF No. 123. On December 13, 2023, the Defendant filed their reply memorandum in further support of their motion for sanctions. ECF No. 124. The Court considers the motion fully briefed.

## LEGAL STANDARD

Rule 11 requires an attorney to certify that (1) a pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and (3) "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Under Rule 11, a party must make a motion for sanctions separately from any other motion. Id. 11(c)(2). It must then serve the motion on the opposing party, after which it must give the opposing party twenty-one days to "withdraw[ ] or appropriately correct[ ]" "the challenged paper, claim, defense, contention, or denial." Id. The requirement that the adverse party be afforded twenty-one days to remediate or

4

withdraw the allegedly sanctionable filing is commonly known as Rule 11's safe harbor provision and is a "strict procedural requirement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) (citation omitted).

A pleading "violates Rule 11 if it is frivolous, legally unreasonable, or factually without foundation, even though not signed in subjective bad faith." *Manhattan Enter. Grp., LLC v. Higgins*, No. 18 Civ. 6396 (VSB), 2019 WL 4601524, at *2 (S.D.N.Y. Sept. 22, 2019) (citation and internal quotation marks omitted), aff'd, 816 F. App'x 512 (2d Cir. 2020). "[T]o constitute a frivolous legal position for purposes of Rule 11 sanction, it must be clear under existing precedents that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands." *Simon DeBartolo Grp. L.P. v. Richard E. Jacobs Grp., Inc.*, 186 F.3d 157, 167 (2d Cir. 1999) (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990)). Courts may issue Rule 11 Sanctions only in extraordinary circumstances. See *Park v. Seoul Broad. Sys. Co.*, No. 05 Civ. 8956, 2008 WL 619034, at *1 (S.D.N.Y. Mar.6, 2008) (citation omitted); *see also Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, No. 04 Civ. 5316, 2006 WL 2807213, at *6 (S.D.N.Y. Sept. 28, 2006) ("Sanctions should always be a (very) last resort.") (citation omitted).

"Rule 11 'explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed.'" *AJ Energy LLC v. Woori Bank*, 829 Fed. App'x 533, 535 (2d Cir. 2020) (summary order) (quoting Gutierrez v. Fox, 141 F.3d 425, 427 (2d Cir. 1998)). However, an attorney's compliance with Rule 11(b)(2) is not assessed solely when a pleading is submitted. The 1993 amendments to Rule 11 added language that certifies an attorney's Rule 11 obligation continues when "later advocating" a legal contention first made in a written filing covered by the Rule. *Mata v. Avianca, Inc.*, 678 F. Supp.

5

3d 443, 461 (S.D.N.Y. 2023). Therefore, "a litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." Rule 11, advisory committee's note to 1993 amendment. The failure to correct a prior statement in a pending motion is the later advocacy of that statement and is subject to sanctions. *Galin v. Hamada*, 283 F. Supp. 3d 189, 202 (S.D.N.Y. 2017) ("[A] court may impose sanctions on a party for refusing to withdraw an allegation or claim even after it is shown to be inaccurate.") (internal quotation marks, alterations, and citation omitted); *Bressler v. Liebman*, 1997 WL 466553, at *8 (S.D.N.Y. Aug. 14, 1997) (an attorney was potentially liable under Rule 11 when he "continued to press the claims ... in conferences after information provided by opposing counsel and analysis by the court indicated the questionable merit of those claims.")

## DISCUSSION

This Court hereby denies the Defendants' motion for sanctions. Indeed, the standard for issuing such sanctions is high and the Defendant has not sufficiently demonstrated that the Plaintiffs' counsel committed sanctionable conduct when submitting materials in support of its motion for summary judgment. Here, Defendant's motion for sanctions challenges the Plaintiff's standing to foreclose by calling into question the veracity of evidence establishing Plaintiff's possession of the Note and adequacy of the subject assignments of mortgage.

At the outset, the Defendant failed to challenge the Plaintiff's standing to bring this foreclosure action. Under both federal and New York state law, challenges to standing must be raised in a party's answer or pre-answer motion to dismiss. *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 169 (S.D.N.Y. 2015). "[A]n assertion of a party's

incapacity to sue 'should fall within the class of "threshold defenses"—issues that must be raised and disposed of at the outset of the suit.'" *Allan Applestein TTEE FBO D.C.A. v. Province of Buenos Aires*, 415 F.3d 242, 245 (2d Cir. 2005) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1295 (3d ed. 2004)). And where the defendant does "not raise the argument" that the plaintiff "lack[ed] standing to sue ... anywhere in its answer," it is waived. Id. That is the case here. Defendants did not contest Plaintiff's standing in their answer to the complaint as an affirmative defense. *See generally* ECF No. 39. Therefore, any challenges to the Plaintiff's standing to bring this foreclosure claim have been waived. *See Foster v. Lee*, 93 F. Supp. 3d 223, 229 (S.D.N.Y. 2015) ("Failure to plead an affirmative defense ordinarily results in forfeiture of that defense.")

    In the instant motion for sanctions, Defendants argue that the version of the Note that they submitted as part of their motion for summary judgment fails to establish that Plaintiff was either the assignee or in physical possession at the time of filing of this suit because it does not align with the allegations in the Foreclosure Complaint and because the allonges purportedly affixed thereto are legally deficient. ECF No. 119 at 7. Defendants claim that the Plaintiff submitted a materially different Note in support of its motion for summary judgment then the one it claimed to hold when it commenced this suit, and the allonges affixed to the Note do not demonstrate that Plaintiff actually holds the Note. *Id*. at 8. Specifically, they point to inconsistencies between allegations in the Foreclosure Complaint and two attestations in Mr. Callejas' declaration regarding the allonges. *See* Complaint ¶ 22 ("Original Lender executed an allonge to the Consolidated Note, indorsed in blank . . . and delivered the Consolidated Note, with the Interim Allonge affixed thereto, to JLC Warehouse I LLC"), ¶ 27 ("Interim Holder executed an allonge to the Consolidated Note, dated November 29, 2012 and indorsed in favor of

7

Plaintiff . . . and delivered the Consolidated Note, with the Plaintiff Allonge affixed thereto, to Plaintiff"); Callejas Decl. ¶ 24 ("Original Lender executed an allonge to the Note and delivered the Note, with the allonge affixed thereto, to JLC Warehouse I LLC"), ¶ 29 ("Interim Holder executed an allonge to the Note, and delivered the Note, with the allonge affixed thereto to Plaintiff"). Defendants further claim that the Note attached to Callejas Declaration as a true and correct copy of the Note was manipulated to include the two allonges that Plaintiff contends transferred the Note to it based on the different margin width and staple marks that would suggest that the allonges were not affixed to the Note. ECF No. 93-2. Further, Defendants maintain that the version of the Note attached to the Callejas Declaration contradicts Exhibit 2 attached to the Lewis Declaration, which was an email sent from Rialto Capital Advisors to Plaintiff representatives, dated November 11, 2021, requesting both the allonge from "Jefferies LoanCore LLC to JLC Warehouse I LLC" and the allonge "from JLC Warehouse I LLC to the Trust"), which purportedly show that Callejas was not the holder of the Note at the time that this lawsuit commenced. ECF No. 120-2. Indeed, Defendants argue that the Plaintiff failed to satisfy the evidentiary requirements of its foreclosure claim and correct that failure by misleading the Court with a fabricated document. ECF No. 119 at 17.

    In rebuttal, Plaintiff contends that it is both the holder and assignee of the Note and that none of Defendant's arguments to the contrary warrant a finding that Plaintiff lacks standing or that Plaintiff and its counsel have committed sanctionable conduct to establish Plaintiff's standing. This Court agrees. To establish standing on physical possession of a note, a plaintiff must show (1) possession of the note, either indorsed in blank or specially indorsed to the plaintiff, at the time the action was commenced; and (2) that the note was received by physical delivery. *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015) (internal citations

omitted). In the Declaration of Mr. Callejas, he attests that the "Original Lender executed an allonge to the Note and delivered the Note, with the allonge affixed thereto, to JLC Warehouse I LLC, a Delaware limited liability company ("Interim Holder"). By virtue of this delivery, Original Lender transferred to Interim Holder all of its rights, title and interest in and to the Note, and Interim Holder became the holder of the Note." ECF No. 93 at 7. Notably, the Plaintiff also alleged in Keith M. Brandofino's Affidavit in support of its motion for summary judgment that the Interim Allonge was indorsed in blank and that the Plaintiff Allonge was specifically indorsed in favor of Plaintiff. ECF No. 94-1 Exhibit A ¶¶ 22, 27. Therefore, Mr. Callejas' testimony as to its status as the holder of the Note remains consistent with prior pleadings in this case that sufficiently establishes Plaintiff's standing to foreclose.

The Court also cannot conclude that the Plaintiff violated Rule 11 based on discrepancies between the paragraphs included in the Foreclosure Complaint and the Callejas Declaration and unfounded allegations that the Note was a manipulated file. With regards to factual contentions, "sanctions may not be imposed unless a particular allegation is utterly lacking in support." *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir.1996) (interpreting the 1993 amendment to Rule 11(b)); *see also Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 388 (2d Cir. 2003). There is nothing in the record that otherwise negates Plaintiff's status as the holder and assignee of the Note. Rather, the assignments of mortgage from Original Lender to Interim Holder and from Interim Holder to Plaintiff both reference the transfer of the Mortgage as well as the underlying Note. *See* Brandofino Decl., Ex C and Callejas Decl., Ex. 8). The Plaintiff Assignment of Mortgages similarly recites that "Assignor does hereby grant, bargain, sell, convey, assign, transfer and set over . . . all of Assignor's right, title and interest, of any kind whatsoever, in and to the subject note(s) and loan documents . . ." *Id*.; *see also* Callejas Decl. Ex. 12. Indeed, a

review of the Interim Assignment of Mortgage and Plaintiff Assignment of Mortgage demonstrates that the Plaintiff have sufficient documentary evidence to establish standing to foreclosure and therefore cannot be deemed "utterly lacking support." *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir.1996).

## CONCLUSION

For the reasons set forth above, Defendant's motion for sanctions is **DENIED**. The Clerk of Court is respectfully directed to terminate ECF No. 118.

**SO ORDERED.**

**Dated: September 23, 2024**
      **New York, NY**

                                          **ANDREW L. CARTER, JR.**
                                          **United States District Judge**