# Holland & Knight

MEMO ENDORSED

787 Seventh Avenue 31st Floor New York, NY 10019 T 212.751.3171 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___February 28, 2025___

Keith M. Brandofino
+1 212-751-3171
Keith.Brandofino@hklaw.com

February 6, 2025

*Via ECF and E-Mail (ALCarterNYSDChambers@nysd.uscourts.gov)*

The Honorable Andrew L. Carter Jr., U.S.D.J.
United States District Court, Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

> Re:    *U.S. Bank National Association, as Trustee, etc. v. Mattone Group Jamaica Co., LLC,*
> *et al.*, 21 Civ. 9342 (ALC) (BCM) - Letter Seeking Leave to Depose Michael X. Mattone

Dear Judge Carter:

We are counsel to plaintiff U.S. Bank Association, as Trustee on Behalf of the Registered Holders of GS Mortgage Securities Corporation II, Commercial Mortgage Pass Through Certificates, Series 2012-GCJ9 ("Noteholder"). In accordance with Your Honor's directive given during the February 4, 2025 court conference (the "February 4 Conference"), we write in support of Noteholder's request to depose Michael Mattone ("Mr. Mattone"), the managing member of defendant Mattone Group Jamaica Co., LLC ("Borrower"), in advance of an evidentiary hearing on the issue of Noteholder's standing to foreclose the subject mortgage (the "Hearing").

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure ("FRCP"):

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

"This Court has 'discretion to make a determination which is fair and equitable under all the relevant circumstances.'" *United States v. Prevezon Holdings, Ltd.*, 320 F.R.D. 112, 114 (S.D.N.Y. 2017). New York Courts typically rely upon certain enumerated factors to guide their discretion, including but not limited to, (1) whether the trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party

Atlanta | Austin | Boston | Century City | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Fort Worth
Houston | Jacksonville | Los Angeles | Miami | New York | Orange County | Orlando | Philadelphia
Portland | Richmond | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

Algiers | Bogotá | London | Mexico City | Monterrey
#516587205_v1 527548.00071

The Honorable Andrew L. Carter Jr., U.S.D.J.
February 6, 2025
Page 2

was diligent in obtaining discovery within the guidelines established, (5) the foreseeability of the need for additional discovery, and (6) the likelihood that the discovery will lead to relevant evidence. *See e.g.*, *City of Almaty, Kazakhstan v. Ablyazov*, 2019 WL 3281326, at *8 (S.D.N.Y. July 3, 2019). In the present instance, it is demonstrated that there is good cause to permit the deposition of Mr. Mattone to proceed.

First Factor: While the Court may hold the Hearing imminently, this is a factor that weighs equally upon both parties – Noteholder and Borrower alike. That is, as Borrower is now free to re-take the deposition of Noteholder's 30(b)(6) witness, Javier Callejas ("Mr. Callejas"), for the third time and prior to the Hearing, so, too, should Noteholder be able to do so with respect to Mr. Mattone.

Second and Third Factors: Similarly, while Borrower's counsel protests Noteholder's request to depose Mr. Mattone, Noteholder similarly protested Borrower's request to depose Mr. Callejas, which this Court granted over Noteholder's objection. If this second factor did not weigh against taking Mr. Callejas' deposition, reciprocally, it should not weigh against Noteholder taking Mr. Mattone's deposition. Regardless, Borrower cannot claim that it will suffer any undue prejudice from having Mr. Mattone deposed as it is Borrower, and not Noteholder, that is the party that specifically sought to reopen discovery. Borrower cannot come before this Court seeking to have Noteholder produce additional documents, to re-depose Mr. Callejas for the third time and to seek documents from and obtain depositions of numerous third-parties and, at the same time, also request immunity from being subjected to discovery itself. Doing so would present a fundamental issue of unfairness and grave inequity. Nevertheless, and contrary to Borrower's anticipated objection, Noteholder does not seek to harass Mr. Mattone or gain any unfair advantage by requesting his deposition. Rather, it merely seeks what any reasonable litigant would seek (and what Borrower also seeks) before a hearing: to gain an understanding about the deponent's knowledge of the issue at hand (i.e., Noteholder's standing) before eliciting his testimony for the first time at the Hearing. *See Tobe Deutschmann Corp. v. United Aircraft Prods.*, 15 F.R.D. 363, 364 (S.D.N.Y. 1953) ("The deposition-discovery procedure is intended not only for the purpose of producing evidence to be used upon the trial, but also to secure leads that may lead to evidence relevant to the subject matter of the action and to enable adequate preparation for trial."). Simply put, Noteholder should not be hamstrung at the Hearing while Borrower has been afforded the opportunity to take pre-Hearing discovery.

Fourth and Fifth Factors: Critically, on or about June 30, 2022, well before Mr. Callejas appeared at his depositions on August 11, 2022 and November 3, 2022, Noteholder produced the Note in the same form as attached to Mr. Callejas' summary judgment declaration. As such, Borrower's argument that it only became aware of the discrepancy in the allonges to the Note upon Noteholder's filing of Mr. Callejas' summary judgment declaration is simply untrue. And, by failing to pose any questions to Mr. Callejas' at either of his depositions, Borrower was clearly not diligent in seeking testimony on the issue of Noteholder's standing within the guidelines and

The Honorable Andrew L. Carter Jr., U.S.D.J.
February 6, 2025
Page 3

deadlines that this Court established (in this foreclosure action that Noteholder commenced in 2021). Noteholder submits, again, that this factor did not weigh against this Court's allowing of Borrower to take Mr. Callejas' deposition and should not weigh against Noteholder's request to depose Mr. Mattone.

Nevertheless, and unlike Borrower, Noteholder has not exhibited a lack of diligence. As this Court specifically held, Borrower waived any challenge to Noteholder's standing by failing to assert such a challenge in its answer. *See* ECF No. 143 ("Defendants did not contest Plaintiff's standing in their answer to the complaint as an affirmative defense. Therefore, any challenges to the Plaintiff's standing to bring this foreclosure claim have been waived.") (citations omitted). Therefore, Noteholder never had a need to seek Mr. Mattone's deposition on the issue of Noteholder's standing prior to this Court's emphatic closure of discovery; the need for such discovery was simply unforeseeable particularly where, as here, Borrower admitted its default. *See* ECF No. 104. And, to that end, when this Court officially reopened discovery at the February 4 Conference, Noteholder did not sit by silently but, rather, quickly made the instant request to the Court.

Sixth Factor: Finally, Noteholder submits that taking Mr. Mattone's deposition will lead to the discovery of relevant evidence. To date there has been no evidence put before this Court that validly challenges Noteholder's standing. To the contrary, all evidence submitted to this Court proves that Noteholder has been in possession of the Note well before it commenced this action, a fact that Mr. Mattone has already provided testimony acknowledging Noteholder as the entity with whom it has discussed the subject loan. *See* ECF No. 107 at ¶ 26 ("On March 30, 2020, Mattone Group sent a letter and request for deferred payment to Wells Fargo's Commercial Mortgage Servicing department. **Wells Fargo serves as master servicer to the commercial mortgage-backed securities trust that owns the Loan**.") (emphasis added). Despite this Court resolving this issue in favor of Noteholder, the parties are nevertheless litigating Borrower's challenge to Noteholder's standing. As such, Noteholder remains entitled to explore the basis of Mr. Mattone's challenge to Noteholder's standing despite his sworn acknowledgment that Noteholder is the CMBS trust that holds the subject loan. Furthermore, Noteholder believes that, at his deposition, it will elicit other testimony from Mr. Mattone that will further support its standing. Moreover, as Borrower is the party who has waged this challenge to Noteholder's standing, Noteholder's deposition of Mr. Mattone, as Borrower's member, will be valuable and undoubtedly relevant. *See Moore v. Peters*, 341 F.R.D. 463, 473 (W.D.N.Y. 2022) ("plainly conducting a deposition of [the witness] about the events giving rise to the claims he asserts … would be valuable and would likely produce relevant evidence."). Therefore, the sixth and final factor weighs in favor of granting Noteholder's request.

The Honorable Andrew L. Carter Jr., U.S.D.J.
February 6, 2025
Page 4

       Based on the foregoing, Noteholder respectfully submits that this Court should grant its request to hold the pre-Hearing deposition of Mr. Mattone on the issue of Noteholder's standing.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By: _/s/ Keith M. Brandofino_
      Keith M. Brandofino, Esq.

cc:    All Counsel of Record (via ECF)

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

February 28, 2025
New York, NY