UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___3/9/26___

U.S. BANK NATIONAL ASSOCIATION,

      Plaintiff,

   -against-

MATTONE GROUP JAMAICA CO., LLC, et al.,

      Defendants.

21-CV-9342 (ALC) (BCM)

**ORDER REGARDING
RULE 31 DEPOSITION**

**BARBARA MOSES, United States Magistrate Judge.**

On October 21, 2025, defendant Mattone Group Jamaica Co., LLC (Mattone Group) served a subpoena (Subpoena) (Dkt. 225-1) on non-party law firm Holland & Knight LLP (H&K), which represents plaintiff U.S. Bank National Association (Lender) in this foreclosure action. After a discovery conference on December 4, 2025, the Court modified the Subpoena to require H&K to provide testimony in response to "limited written questions" in accordance with Fed. R. Civ. P. 31(a)(4). 12/4/25 Order (Dkt. 232). *See generally In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69-70 (2d Cir. 2003) (noting that district courts have "broad discretion to manage the manner in which discovery proceeds," including where "lawyers themselves have been the subject of discovery requests"). The Court then directed plaintiff, H&K, and Mattone Group to meet and confer in good faith in an effort to agree on the written questions to be put to the witness. 12/4/25 Order.

The parties were unable to agree. Instead, on December 19, 2025, they submitted a joint letter (Joint Ltr.) (Dkt. 235) outlining the scope of their disagreements. Exhibit 2 to the joint letter (Dkt. 235-2) sets forth all 199 questions that Mattone Group initially proposed to ask H&K's designated representative, marked to show which have been agreed to, which have been withdrawn, and which remain in dispute. There are 123 questions still in dispute.

In resolving the parties' dispute, the Court has "take[n] into consideration all of the relevant

facts and circumstances" bearing on depositions of attorneys, *In re Friedman*, 350 F.3d at 72, including whether and to what extent each disputed question is appropriately tailored to seek information that (a) is relevant to the issue of plaintiff's "standing to pursue the instant foreclosure – specifically, whether Lender in fact possesses the note with executed allonges firmly affixed thereto, and whether it did prior to the commencement of this action" on November 11, 2021 (Dkt. 226 at 3); (b) fits fairly within one of the five topics described in the original H&K Subpoena; and (c) is not privileged. As Mattone Group correctly acknowledged during the December 4 discovery conference, the standing issue turns on purely "factual" information and knowledge, 12/4/25 Tr. (Dkts. 233, 237-4) at 32, 34, and thus does not warrant discovery as to H&K's opinions, theories, or reasoning. While Mattone Group is entitled to inquire into H&K's physical "review" of the Loan Documents (for example, "[w]hen did someone from Holland & Knight cast their eye on that piece of paper," 12/4/25 Tr. at 29-30), it may not inquire into the firm's legal analysis or related client communications. *See id*. at 30, 35.

Nor may Mattone Group inquire into what H&K did or did not do to "confirm" the physical location and/or condition of the Note or other Loan Documents before those documents came into the firm's possession. Questions regarding H&K's pre-filing investigation, including its pre-filing communications with the Lender and its agents, not only threaten to invade the attorney-client privilege and the work product doctrine; they appear designed to gather information for purposes of renewing Mattone Group's previously-denied sanctions motion (*see* Dkts. 118, 143), which would be improper. *See Bay St. Advisors, LLC v. Mahoney*, 2025 WL 2506012, at *4 (S.D.N.Y. Sept. 2, 2025) (denying defendant's motion for discovery into plaintiff's counsel's communications because, *inter alia*, discovery in aid of a sanctions motion is permissible only in "extraordinary circumstances") (quoting Fed. R. Civ. P. 11 Adv. Comm. Note to 1983 Amend. and collecting

cases). Similarly, Mattone Group may not ask H&K to interpret documents written by others, testify as to whether it received documents "in response to" requests made by or to others, or to characterize or comment on the testimony of other witnesses.

The Court has also considered the extent to which each proposed question is clear, unambiguous, and (with the exception of very basic introductory questions as to the identity and authority of H&K's designated witness) designed to seek information known to "the organization," Fed. R. Civ. P. 30(b)(6), rather than the individual witness testifying on H&K's behalf. Lastly, the Court will not permit questions designed to harass or embarrass rather than enlighten. Thus, for example, the Court will not permit Mattone Group to question H&K about "Computershare," based on what was clearly an inadvertent misstatement by counsel at the December 4 discovery conference. *See* Joint Ltr. at 4 n 4.

The Court's rulings, as to each disputed question, are as follows:

| Disputed Question(s) | Ruling |
|---|---|
| 1-4 | Yes (questions may be asked) |
| 5-7 | No (questions may not be asked) |
| 8-9 | Yes |
| 10 | No |
| 11-13 | Yes |
| 14-15 | No |
| 18 | Yes[1] |
| 19 | Yes (subject to n.2)[2] |
| 20 | No |

---

[1] The answer to this question, according to the Court's Electronic Case Filing system, is: 11:28:34 a.m., E.S.T.

[2] If the H&K witness responds that information concerning the whereabouts or condition of the physical Note (or other relevant Loan Documents) on or before a certain date is not within the personal knowledge of any H&K personnel, the witness need not respond to further questions concerning the whereabouts or condition of the same document on or before that date.

| Disputed Question(s) | Ruling |
|---|---|
| 27 | No |
| 30 | No |
| 33 | Yes (subject to n.2) |
| 35 | Yes (subject to n.2) |
| 37-38 | Yes |
| 39-40 | No |
| 42 | No |
| 43 | Yes (subject to nn.2 and 3)[3] |
| 44-46 | Yes (subject to nn.2 and 3) |
| 47 | Yes |
| 53-54 | No |
| 58-60 | No |
| 63 | No |
| 64-66 | Yes (subject to nn.2 and 3) |
| 67-69 | Yes |
| 70-73 | No |
| 74-77 | Yes (subject to n.4)[4] |
| 78-82 | Yes |
| 83-100 | Yes (subject to n.4) |

[3] All questions temporally tied to requests made in documents that H&K neither wrote nor received should be rephrased with specific dates. For example, Question 43, which now begins, *When the requests referenced in Exhibit 1 occurred . . .* , should be rephrased to begin, *On November 11, 2021 . . .* , which is the date of the email identified as Exhibit 1 (*see* Dkt. 237-1). Likewise, Question 45, which asks what documents H&K had physical possession of *at the time this email was delivered*, should be rephrased to ask what documents H&K had physical possession of *on November 11, 2021*.

[4] As noted above, H&K cannot be expected to testify as to whether or when it received documents "in response to" requests made by or to others. All questions which are so phrased should be rephrased with specific time periods. For example, Question 74, which now asks whether H&K received documents . . . *in response to the requests referenced in Exhibit 4*, should be rephrased to ask whether H&K received documents *within a week* [or other reasonable time period] *after November 3, 2023*, which is the date of the Special Servicer Request for Release identified as Exhibit 4.

| Disputed Question(s) | Ruling |
|---|---|
| 112 | Yes, modified to make it clear that the "document details" are those provided in response to Question 111 |
| 119 | Yes (subject to n.2) |
| 120 | No |
| 121 | Yes (subject to n.2) |
| 122 | No |
| 123-28 | Yes (subject to nn.2 and 3) |
| 129 | Yes (subject to n.2) |
| 131 | No |
| 133-36 | Yes |
| 137-40 | No |
| 143 | No |
| 144 | Yes |
| 145 | No |
| 148 | No |
| 149-53 | Yes (subject to nn.2 and 3) |
| 154 | Yes |
| 158-60 | No |
| 171-74 | Yes (subject to n.2) |
| 183 | Yes |
| 185-86 | Yes (subject to n.2) |
| 193-94 | Yes |
| 195-199 | No |

Dated: New York, New York
          March 9, 2026

SO ORDERED.

**BARBARA MOSES**
**United States Magistrate Judge**

5